IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JOHN C. ELLEVAN,

      Petitioner,

v.                        Case No. 2:09-cv-00841

TERESA WAID, Warden,
Huttonsville Correctional Center,

      Respondent.

<u>PROPOSED FINDINGS AND RECOMMENDATION</u>

On July 22, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 28, 2009, the undersigned ordered Respondent to file a response, solely addressing the issue of timeliness of the petition, by September 1, 2009 (# 5). On September 1, 2009, Respondent filed a Response to Petition for Writ of Habeas Corpus on the Sole Issue of Timeliness (# 6), a Motion to Dismiss Petition as Untimely Filed, with accompanying exhibits (# 7), and a Memorandum of Law in support thereof (# 8). Respondent's motion asserts that Petitioner's section 2254 petition is untimely under

28 U.S.C. § 2244(d)(1).

On September 18, 2009, Petitioner filed a Response to Respondent's Motion to Dismiss (# 10), and a Motion for Production/Discovery (# 11), which has been denied by separate Order. On October 9, 2009, Respondent filed a Reply to Petitioner's Response (# 12). The matter is now ripe for determination.

### PROCEDURAL HISTORY

On January 14, 2004, Petitioner was indicted by a Fayette County Grand Jury on three counts of Second Degree Sexual Assault (Counts One, Two and Three) (Case No. 04-F-16). (# 7, Ex. 1). Petitioner was also charged in a separate indictment with one count of Domestic Battery, a misdemeanor (Case No. 04-M-1). (Id.) A jury trial was held on July 21, 2004. The trial court dismissed one count of Second Degree Sexual Assault (Count Three) at the close of the State's case in chief. At the conclusion of the trial, the jury convicted Petitioner of one count of Second Degree Sexual Assault (Count One) and the Domestic Battery charge, and acquitted him on the other remaining count of Second Degree Sexual Assault (Count Two). (Id., Ex. 2).

By Order entered December 2, 2004, Petitioner was sentenced to 10-25 years in the penitentiary on his sexual assault conviction, and was sentenced to serve a concurrent sentence of one month in the regional jail on his domestic battery conviction. (Id., Ex.

2

3).

Petitioner, by counsel, filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV") on November 21, 2005. (State v. Ellevan, No. 052601).[1] The Petition for Appeal was refused on March 15, 2006. (Id., Ex. 4). Petitioner did not file a Petition for a Writ of Certiorari in the Supreme Court. Thus, his judgment became final on or about June 13, 2006.

On April 25, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 07-C-150). (Id., Ex. 5). By Order entered June 27, 2008, the Circuit Court denied Petitioner habeas corpus relief and dismissed the petition. (Id.) Petitioner did not appeal the denial of that petition.

Rather, on October 17, 2008, Petitioner filed pro se Petition for a Writ of Habeas Corpus, which was reviewed under the original jurisdiction of the SCAWV. (Id., Ex. 6). The SCAWV refused that petition on February 5, 2009. (Id.) Petitioner filed the instant section 2254 petition on July 22, 2009 (# 1).

---

[1] By agreed order, Petitioner's sentencing order was re-entered in order to grant Petitioner a new period in which to file a timely Notice of Appeal. Petitioner was also thereafter granted an extension of time to file his appeal.

3

## ANALYSIS

**A.   Respondent's Motion to Dismiss Petition as Untimely.**

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

4

Respondent has filed a Motion to Dismiss Petitioner's section 2254 petition as being time-barred under the provisions above (# 7). The circumstances surrounding Petitioner's state habeas corpus proceedings are significant to a determination of whether his section 2254 petition is time-barred.

Petitioner's conviction became final on or about June 13, 2006, when the time for filing a petition for a writ of certiorari expired. See Harris v. Hutchinson, 209 F.3d 325, 325 (4th Cir. 2000)(the time period for seeking direct review of a state court conviction concludes when either the period for filing a petition for a writ of certiorari in the Supreme Court expires, or when such writ is denied by the Supreme Court). Thus, under section 2244(d)(1)(A), Petitioner had until June 13, 2007, to file a section 2254 petition, unless Petitioner had properly filed an application for state post-conviction or other collateral review, which would toll the statute during the pendency of those proceedings. 28 U.S.C. § 2244(d)(2).

On April 25, 2007, Petitioner, proceeding pro se, filed a habeas corpus petition in the Circuit Court of Kanawha County, which tolled the statute of limitations. (Ellevan v. Waid, Case No. 07-C-150). Based upon the undersigned's calculation, at that time, 314 days had passed, and Petitioner had 51 days remaining under the statute of limitations. The statute of limitations is normally tolled throughout the pendency of the state court

collateral proceedings, including an appeal to the SCAWV. 28 U.S.C. § 2244(d)(2). Barring an extension of time being granted, a Petition for Appeal is due within four months of the issuance of the final judgment by the Circuit Court. In Petitioner's case, his circuit court habeas corpus petition was denied on June 27, 2008. Thus, Petitioner's Petition for Appeal was due by October 27, 2008. Instead of filing an appeal, however, on October 17, 2008, Petitioner filed a pro se Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV. The SCAWV refused that petition on February 5, 2009.

Based upon these filings, the statute of limitations was tolled throughout the period that Petitioner's state court habeas corpus proceedings were pending, and began to run again on February 6, 2009. The statute then ran for 51 days and expired on March 29, 2009. Petitioner did not file his section 2254 petition until July 22, 2009, 116 days after the expiration of the statute of limitations.

**B.   Petitioner's arguments for a different calculation of the statute of limitations.**

Petitioner first argues that he was prevented from filing his federal petition by government action because, at the time that his direct appeal was refused, he was confined in a regional jail. Petitioner asserts that he had an incomplete record and no legal assistance in researching his claims, and that the law library at the regional jail was insufficient. Therefore, Petitioner asserts

that he could not begin working on his state habeas petition until he was transferred to his present facility in January of 2007. (# 1 at 13; # 10 at 1-2).

Respondent's Reply asserts that limited access to materials in a prison law library, alone, does not warrant equitable tolling of the AEDPA statute of limitations. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(holding that prisoner's lack of access to legal materials from 1995 to 1997 did not explain his failure to earlier pursue his federal claims). (# 12 at 2). Respondent further asserts that this reasoning is not grounds for the application of section 2244(d)(1)(B) because the State did not create an impediment to Petitioner's earlier filing of his federal habeas petition. (Id.)

Petitioner also asserts that he should be allowed to proceed with his section 2254 petition because he has not been provided with the opportunity for additional DNA testing on the evidence from his trial which, he asserts will provide newly discovered evidence of his innocence. Specifically, Petitioner states:

> Under 28 USCS § 2244(d)(1)(D), which provides for admissibility of Newly Discovered evidence in the application of the equitable tolling provisions, the petitioner should be allowed to proceed because the results of any DNA testing will be of first impression, new and cannot be obtained with this action taking place where this Court has the authority to order any such testing to satisfy discovery under Brady. The evidence is and remains in the sole possession of the state and your petitioner cannot obtain this type of evidence without court intervention. No ruling was entered upon this issue in any earlier proceedings through no fault of

7

your petitioner.  It has beed [sic; been] ruled upon that
failing to do DNA testing on samples taken violate my Due
Process rights and my confrontation rights.  Therefore,
it is not appropriate to dismiss this case as time barred
because the tolling cannot begin until the petitioner is
provided with the DNA test results of all specimens
taken.  There is no matching DNA sample that match with
your defendant's DNA.  The High Court has said that
denying post conviction DNA testing acts as an absolute
bar to the courts and is certainly an extraordinary
circumstance that qualifies for the tolling provisions.

(# 10 at 3-4).

As previously addressed in the Order denying Petitioner's

Motion for Production/Discovery (# 11), Petitioner has no

constitutional right to post-conviction DNA testing.  Furthermore,

the testing that was completed by the West Virginia State Police

Crime Laboratory indicated that there was no semen on any of the

evidence collected, and the tests of the blood found on the

evidence indicated the blood was that of the victim.  Thus,

additional DNA testing to show that there was no DNA to match

Petitioner's DNA would not be "new evidence."  Nevertheless, as

discussed in the Order denying Petitioner's discovery motion, if

Petitioner wishes to seek additional DNA testing, the appropriate

procedures are available to him in the state courts and, if any

"newly discovered" exculpatory evidence is found in those

proceedings, Petitioner may, after exhausting his state court

remedies, file a new section 2254 petition on that basis.

Petitioner's attempt to establish "newly discovered" evidence in

this proceeding is not warranted, and is not an appropriate basis

for tolling the statute of limitations.

The United States Court of Appeals for the Fourth Circuit has held that the limitation period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling.  See Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000).[2]  As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330.  The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time.  Id.

The issues addressed by Petitioner have no effect on when the one-year statute of limitations for filing a section 2254 petition concerning Petitioner's criminal conviction and sentence should begin to run.  None of the reasons cited by Petitioner is

_____

[2]  The Supreme Court has not specifically ruled on whether section 2244(d) allows for equitable tolling.  However, in Lawrence v. Florida, 127 S. Ct. 1079, 1085 (Feb. 20, 2007), the Court assumed that equitable tolling was available under that statute, based upon the agreement of the parties, but found that it was not warranted under the circumstances of that particular case.

sufficient to alter the date upon which the one-year statute of limitations began to run, or when it expired.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1).  The undersigned further proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (# 7) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of

this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

<div style="display:flex; justify-content:space-between;">

<div>
_____
<span style="padding-left:2em;">November 3, 2009</span>
<br>
<span style="padding-left:4em;">Date</span>
</div>

<div>
_____
<br>
Mary E. Stanley
<br>
United States Magistrate Judge
</div>

</div>