```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**JOHN C. ELLEVAN,**

       Petitioner,

v.                                  Civil Action No. 2:09-cv-0841

**TERESA WAID, Warden,**
**Huttonsville Correctional**
**Center,**

       Respondent.


<u>MEMORANDUM OPINION AND ORDER</u>

       Pending is respondent's motion to dismiss petition for writ of habeas corpus, filed September 1, 2009.  This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) on November 3, 2009.  Petitioner objected on November 17, 2009.

       The magistrate judge recommends that the court grant respondent's motion to dismiss and dismiss this action as untimely filed under 28 U.S.C. § 2244(d)(1).

1

I.

Petitioner was sentenced in state court on December 2, 2004, to 10-25 years in the penitentiary for sexual assault and a concurrent sentence of one month for domestic battery.  (PF&R 2). Petitioner's judgment became final on June 13, 2006, after his petition for appeal was refused by the Supreme Court of Appeals of West Virginia on March 15, 2006, and he failed to file a petition for writ of certiorari within 90 days in the United States Supreme Court.  (Id. at 3).  Pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), petitioner had until June 13, 2007, to file his section 2254 petition.  The following events tolled his limitations period.

Petitioner filed a petition for writ of habeas corpus in state circuit court on April 25, 2007.  At that time, 316 days had passed since the judgment on his state conviction had become final on June 13, 2006.  On June 27, 2008, the state circuit court denied his petition.  Plaintiff had four months, until October 27, 2008, to appeal the state circuit court's denial.

Instead of appealing the denial, petitioner filed another petition for writ of habeas corpus in the Supreme Court of Appeals of West Virginia on October 17, 2008, which petition

was refused on February 5, 2009.  Thus, from April 25, 2007, until February 5, 2009, the clock on petitioner's statute of limitations under § 2244(d)(1) was stopped.[1]  With 316 days having run, petitioner was left with 49 days, or until March 26, 2009, to file his federal habeas corpus petition.  Petitioner did not file his federal petition until July 22, 2009.

Based on these facts, the magistrate judge found that petitioner's section 2254 petition is untimely.  The magistrate judge further found that petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations.

Petitioner objects, contending he is eligible for

---

[1]An application for state collateral review is considered pending for tolling purposes during the interval between a lower state court's denial of a habeas petition and the filing of a notice of appeal of that denial in the state appellate court. Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (rejecting California Supreme Court's holding that a petition was not "pending" during the time between the lower court's denial and the timely filing of a notice of appeal, and concluding that an application for state collateral review is pending "until the application has achieved final resolution through the State's post-conviction procedures.").  Inasmuch as petitioner filed a separate petition under the original jurisdiction of the Supreme Court of Appeals of West Virginia within the time period he could have appealed the circuit court's denial of his first state habeas petition, the court treats the two petitions as one so that the time between the ruling on the first and the filing of the second is deemed "pending" for the purposes of this analysis.

equitable tolling because he was denied access to a law library as well as his complete record and legal assistance at Potomac Highlands Regional Jail, where he had been incarcerated for "two years, five months" until December 16, 2006, when he was transferred to Mount Olive Correctional Complex.  (Objs. 1-2; Pet. 14).  Petitioner further asserts that, although there was a computer made available to him for legal research at the regional jail, he was unable to operate the computer due to lack of education and computer literacy.  (Id. at 3-5).  Plaintiff states in his section 2254 petition that, for these reasons, he was unable to begin working on his state habeas petition until January 7, 2007, when he was transferred to Huttonsville Correctional Center.[2]  (Pet. 14).

II.

The discretionary doctrine of equitable tolling is without "bright-line rules" and "turns on the facts and circumstances of a particular case."  Harris v. Hutchison, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotations omitted).

---

[2]Petitioner does not explain why he was unable to work on his petition during the 22 days he was confined in Mount Olive Correctional Complex.

4

Circumstances in which the doctrine has been applied include instances when the plaintiff is prevented from asserting his claim by a wrongful act of the defendant, or when extraordinary circumstances beyond the plaintiff's control prevent the plaintiff from timely filing his claim.  Id.  If the plaintiff shows extraordinary circumstances, he must also show that he has pursued his rights diligently in order to be entitled to equitable tolling.  Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (citing Lawrence v. Florida, 549 U.S. 327 (2007)).  The Court of Appeals for the Fourth Circuit has advised that equitable tolling must be invoked infrequently, "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  Id.

　　　　Here, petitioner appears to contend that extraordinary circumstances beyond his control, namely, his inability to operate a computer, limited access to legal research and his lack of a complete record for review, prevented him from timely filing his section 2254 petition.

　　　　The court is unable to conclude that petitioner's insufficient knowledge of computerized legal research amounts to an "extraordinary circumstance" beyond petitioner's control that would justify equitable tolling.  The lack of petitioner's own

computer literacy that limited his access to legal research is not sufficiently extraordinary to justify his untimeliness, nor is it completely beyond his control. See Castro-Gaxiola v. United States, 665 F.Supp.2d 1049, 1054 (W.D. Mo. 2009) ("Contrary to Movant's argument, his mere lack of computer skills is insufficient to justify tolling of the limitations period."). See also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (holding that inadequate access to legal materials does not justify prisoner's failure to timely pursue his federal claims); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) ("'[B]ecause ignorance of legal rights does not toll a statute of limitations,' it is irrelevant whether that ignorance is due to illiteracy or another reason.") (quoting Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir. 1988) (internal citations omitted); Fennell v. Artuz, 14 F.Supp.2d 374, 377 (S.D. N.Y. 1998) (concluding that giving weight to prisoner's excuses of "being uneducated and not familiar with legal research" would undermine the Second Circuit's application of the statute of limitations).

Moreover, petitioner took 108 days from January 7, 2007, the date he claims he was able to begin working on his state habeas petition, to file the petition in state court on

April 25, 2007. Had he pursued his rights diligently after the state habeas proceedings ended, 49 days was sufficient time for petitioner to complete and file his federal habeas petition. See Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (concluding that the one month remaining in the limitation period was sufficient for petitioner, "acting with reasonable diligence," to file his federal habeas petition); see also Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (noting the greater difficulty a petitioner has showing that extraordinary circumstances caused his untimeliness when they occurred at the beginning or middle of the limitations period rather than the end, "because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give ample opportunity to overcome such early obstacles").

Petitioner also contends that he was "without a complete record for review of issues," but he does not expand upon that claim other than to state that he was denied the record "including, but not limited to the untested DNA." (Objs. 4). Presumably, petitioner is referring to evidence pertaining to petitioner's underlying criminal case that was untested for DNA, which was the subject of petitioner's unsuccessful motion for discovery earlier in this action. Inasmuch as the petitioner

7

seeks DNA analysis of items that were previously unanalyzed, the "untested DNA" is not a part of the record.  Petitioner fails to set forth any other support that he was denied a complete record for review.  Based on the foregoing, petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations set forth in 28 U.S.C. § 2244(d)(1), and his section 2254 petition is time barred.

It is, accordingly, ORDERED that the Proposed Findings and Recommendation be, and they hereby are, adopted by the court; that respondent's motion to dismiss be, and it hereby is, granted; and that this action be, and it hereby is dismissed as time barred under 28 U.S.C. § 2244(d)(1).

The court has additionally considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v.

McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court ORDERS that a certificate of appealability be, and it hereby is, denied. Pursuant to Rule 11, Rules Governing § 2254 Cases, movant may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

The clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: June 8, 2010

_____
John T. Copenhaver, Jr.
United States District Judge